UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BEVERLEY,

        Petitioner,

v.                                    Case No. 13-14470

KEN ROMANOWSKI,                HON. AVERN COHN

        Respondent.

_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND
## GRANTING IN PART AND DENYING IN PART A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas corpus case under 28 U.S.C. § 2254.  Petitioner John Beverley ("Petitioner") challenges his state convictions for two counts of criminal sexual conduct in the first degree, M.C.L. § 750.520b(1)(a), and one count of criminal sexual conduct in the second degree, M.C.L. § 750.520c(1)(a).  Petitioner is serving a sentence of twenty to forty years in prison for the first-degree convictions and ten to thirty years in prison for the second-degree conviction.  He raises three claims.  First, Petitioner says that the state court violated his constitutional rights by barring evidence of the complainant's prior false allegations of sexual assault.  Second, he says the state court gave an improper jury instruction which denied him the right to present his alibi defense.  Finally, Petitioner contends that M.C.L. § 768.27a, which allows for the admission of a defendant's uncharged sexual offenses against minors, is an unconstitutional ex post facto law that permitted the jury to convict him on the basis of propensity evidence.

Respondent Ken Romanowski ("Respondent") says the petition should be denied
because the state court's rejection of Petitioner's claims was not contrary to federal law,
an unreasonable application of federal law, or an unreasonable determination of the
facts.  The Court agrees.  As such, the petition will be denied.  However, a certificate of
appealability will issue on Petitioner's first claim.  The reasons follow.

## II. Background and Procedural History

The charges against Petitioner arose from allegations that he sexually penetrated
and inappropriately touched a ten-year-old girl, whom the Court will refer to as C.L.  The
incident in question supposedly occurred at Petitioner's trailer in Novi, Michigan during
the summer of 2002.  C.L. did not disclose the abuse in any detail until October of 2007
when she talked to a counselor at her high school.  She was seventeen years old at
Petitioner's jury trial in 2009.  The testimony at the trial in Oakland County Circuit Court
established that:

> C.L. lived in a trailer with her mother and sister.  Defendant lived in a
> neighboring trailer.  C.L. testified that during the summer of 2002, prior to
> her starting the sixth grade, an incident occurred between her and
> defendant.  C.L. believed the incident occurred during the summer
> because it was warm and sunny and she did not remember any snow on
> the ground.  C.L. also testified that she was sure that the incident
> happened in June, July, or August.
>
> C.L. recalled that at the time of the incident she was on the couch in the
> living room of defendant's trailer playing a video game, while defendant
> was on the floor.  Defendant told C.L. that he wanted to do something
> more fun.  Defendant then sat on the couch and started touching her with
> his fingers over her pants around her vagina, then underneath her pants,
> but over her underwear, then underneath her underwear.  Defendant then
> put a blanket over C.L.'s lap, pulled down her pants and underwear and
> put his head under the blanket.  C.L. felt something wet touch her vaginal
> area, which she believed was defendant's tongue.  C.L. told defendant to
> get away.  Defendant did so, and went into the kitchen, but returned, and
> unzipped his pants and asked C.L. if she wanted to see his "private parts."

2

C.L. refused.

People v. Beverley, No. 293279, 2010 WL 4103542 (Mich. Ct. App. Oct. 19, 2010).

Petitioner's defense was that he could not have committed the crimes because he moved out of his Novi trailer in March of 2002. He maintained that C.L. lied or was mistaken and that she fabricated the charges to garner sympathy from students and officials at her school who had ridiculed her for being racist and supportive of a friend who maintained that a male student of a different race had touched the friend inappropriately.

The jury found Petitioner guilty of the charges noted above. He was later sentenced to a term of imprisonment as described above.

Petitioner unsuccessfully moved for a new trial and then raised his habeas claims on direct appeal. The Michigan Court of Appeals affirmed Petitioner's conviction, finding no merit to his claims. See Beverley, 2010 WL 4103542. The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. See People v. Beverley, 821 N.W.2d 884 (Mich. 2012) (table).[1] Petitioner then filed the instant petition through counsel.

### III. Standard of Review

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

---

[1] Justice Marilyn J. Kelly voted to grant leave to appeal.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.' " Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly,

> [w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, supra, at 102–103, 131 S.Ct. 770 (internal quotation marks omitted).

4

Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (per curiam).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington, 562 U.S. at 103.

In simple terms, the Supreme Court has said that the standard of review is "difficult to meet" and is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."  Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Harrington, 562 U.S. at 102, and Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)).  The Supreme Court has further said that a federal court must guard against "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."  Renico v. Lett, 559 U.S. 766, 779 (2010).

Finally, a federal habeas court must presume the correctness of state court factual determinations.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.  Petitioner's Claims

### A.  The Exclusion of Evidence

Petitioner alleges that the trial court deprived him of his constitutional rights by excluding evidence that C.L. made a prior false allegation of sexual misconduct against

a male classmate named Kendall.  Petitioner contends that the trial court's refusal to

admit the evidence violated his Sixth Amendment right to cross-examine C.L. and his

Fourteenth Amendment right to present a complete defense.  He asserts that the

evidence was relevant to show that the complainant lied when she accused Petitioner of

sexual crimes.  Petitioner contends that the admission of evidence regarding a prior

false allegation was not harmless error because the evidence, in all likelihood, would

have caused a different result.

### 1.  Clearly Established Federal Law

A defendant in a criminal prosecution is entitled to "a meaningful opportunity to

present a complete defense," California v. Trombetta, 467 U.S. 479, 485 (1984), and to

confront the witnesses against him, Davis v. Alaska, 415 U.S. 308, 315 (1974).  "The

right of confrontation includes the right to cross-examine witnesses," Richardson v.

Marsh, 481 U.S. 200, 206 (1987), and "the right to cross-examine includes the

opportunity to show that a witness is biased, or that the testimony is exaggerated or

unbelievable."  Pennsylvania v. Ritchie, 480 U.S. 39, 51-52 (1987).

The Supreme Court, however, has "never questioned the power of States to

exclude evidence through the application of evidentiary rules that themselves serve the

interests of fairness and reliability – even if the defendant would prefer to see that

evidence admitted."  Crane v. Kentucky, 476 U.S. 683, 690 (1986).  Although the

Constitution "prohibits the exclusion of defense evidence under rules that serve no

legitimate purpose or that are disproportionate to the ends that they are asserted to

promote," trial judges may "exclude evidence if its probative value is outweighed by

certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." Holmes v. South Carolina, 547 U.S. 319, 326 (2006). A reviewing "court's duty 'is not to determine whether the exclusion of the evidence by the trial judge was correct or incorrect under state law, but rather whether such exclusion rendered [the] petitioner's trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Lewis v. Wilkinson, 307 F.3d 413, 420 (6th Cir. 2002) (quoting Logan v. Marshall, 680 F.2d 1121, 1123 (6th Cir. 1982)).

### 2.  Application

### a.  Background

The evidence in dispute here is the fact that, when C. L. was enrolled in an alternative high school, she accused a seventeen-year-old classmate named Kendall of touching her breast at school or on the school bus.  (12/8/08 Hr'g Tr., at 16, 27, 41-42, 56-57, 62.)  Other girls made similar allegations about Kendall. ( Id. at 5-6, 13-14).  He was subsequently tried as an adult (id. at 30) and acquitted of the charges (id. at 4, 77).

Defense counsel filed a motion in limine in Petitioner's case to admit evidence of C.L.'s allegations about Kendall.  The trial court initially ruled that the evidence was admissible.  See Opinion and Order (Oakland County Cir. Ct. Oct. 1, 2008).  After the State moved for reconsideration of the ruling, the trial court held an evidentiary hearing, vacated its initial order, and ruled that the evidence was not admissible.  See Opinion and Order (Oakland County Cir. Ct. Dec. 9, 2008).  The Michigan Court of Appeals subsequently determined that the trial court did not err in excluding evidence of the victim's prior allegations and that Petitioner's right of confrontation and his right to

7

present a defense were not violated.  The Michigan Court of Appeals noted that

Petitioner had not presented evidence that the prior allegation was false and that trial

counsel was able to cross-examine C.L. and elicit testimony that she made the

allegations against Petitioner at a time in which she was receiving a great deal of

hostility from other students at school.

### b.  Analysis

To successfully introduce evidence that a complaining witness in a criminal case

made prior false accusations of sexual misconduct, a defendant must make a sufficient

showing of falsity.  People v. Adamski, 497 N.W.2d 546, 550-51 (Mich. Ct. App. 1993).

Kendall, the male student accused of groping C.L. and other girls at their high school,

apparently maintained that the touching was either consensual or accidental (12/8/08

Hr'g Tr., at 32-33), and he was acquitted of criminal sexual misconduct following a trial.

However, as the court of appeals found, this does not necessarily mean that C.L.'s

accusation about Kendall was false.  In fact, the police officer assigned to the school

testified at the state evidentiary hearing that, after six different girls came forward and

complained about Kendall's inappropriate behavior, he (the officer) began to believe

that it was not an accidental touching. (Id. at 43-44.)  In addition, C.L.'s mother testified

at trial that Kendall "had problems with all the girls in the school" and was groping them.

(6/2/09 Trial Tr., at 118.)

C.L. denied fabricating the charge against Kendall (12/8/08 Hr'g Tr., at 64), and

neither she, nor the other five girls who alleged that Kendall had engaged in

inappropriate behavior, recanted their accusations.  (Id. at 18-19, 35.)  Although C.L.

8

may have given inconsistent testimony at times, a witness can give inaccurate testimony due to confusion, mistake, or faulty memory.  United States v. Dunnigan, 507 U.S. 87, 95 (1993).  The trial court, moreover, determined that C.L. was a credible witness and that she did not appear to be lying about the incident with Kendall.  See Opinion and Order, at 2-3 (Oakland County Cir. Ct. Dec. 9, 2008).

The Court agrees with the Michigan Court of Appeals that Petitioner has failed to make a sufficient showing that C.L.'s allegations about Kendall were false.  Thus, the allegations about Kendall had the potential to confuse or mislead the jury, and the trial court did not err in excluding the evidence.

Defense counsel, moreover, was able to elicit testimony from C.L. that she made the allegations about Petitioner after her friend and her sister accused Kendall of touching them inappropriately and at a time when the students at her school turned on her and accused the three girls of being racist due to their allegations about Kendall. Defense counsel also elicited testimony that everyone became supportive of C.L. after she reported what Petitioner had done to her.  (6/3/09 Trial Tr., at 56-60.)  Thus, defense counsel was able to show that C.L. may have had a motive to falsely accuse Petitioner.

Petitioner's right of confrontation and his right to present a defense were not violated.  Therefore, habeas relief is not warranted on this claim.

### B.  The Trial Court's Jury Instruction on Time

Petitioner next claims that the trial court deprived him of his constitutional rights when the trial court instructed the jury that "[t]ime of the offense is not an element in a

criminal sexual conduct case where the victim is a child." (6/8/09 Trial Tr., at 112.) Petitioner claims that this jury instruction violated his rights to notice of the charges, to present his alibi defense, and to a properly instructed jury.

The Michigan Court of Appeals disagreed, noting that "time is not of the essence or a material element in a criminal sexual conduct prosecution involving a child victim." People v. Beverley, 2010 WL 4103542 at * 4 (citation omitted). Because the instruction was an accurate statement of Michigan law, the court of appeals found no error.

### 1.  Clearly Established Federal Law

Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. CONST. amend. XIV, and under the Sixth Amendment, an accused has the right "to be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. "A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense . . . are basic in our system of jurisprudence . . . ." In re Oliver, 333 U.S. 257, 273 (1948).

The Constitution also "guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' " Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting Trombetta, 467 U.S. at 485). But the only question on habeas review of a jury instruction is " 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). To obtain habeas relief, the instruction must have infused the trial with such unfairness as to deprive the petitioner

of due process of law.  Id. at 75 (quoting Lisenba v. California, 314 U.S. 219, 228 (1941)).  In other words, "[t]o warrant habeas relief, 'jury instructions must not only have been erroneous, but also, taken as a whole, so infirm that they rendered the entire trial fundamentally unfair.' "  Buell v. Mitchell, 274 F.3d 337, 355 (6th Cir. 2001) (quoting Scott v. Mitchell, 209 F.3d 854, 882 (6th Cir. 2000)).

### 2.  Application

Petitioner maintains that the trial court's instruction on time undercut his alibi defense because the prosecution offered no alternative time period that could have afforded him the opportunity to defend himself and because the jury instruction on time invited the jury to convict Petitioner on the vaguest possible terms.  In Michigan, however, a charging document must merely specify "[t]he time of the offense as near as may be," and "[n]o variance as to time shall be fatal unless time is of the essence of the offense."  Mich. Comp. Laws § 767.45(1)(b).  In criminal sexual conduct cases involving a child, "[t]ime is not of the essence, nor is it a material element," and "an alibi defense does not make time of the essence."  People v. Dobek, 732 N.W.2d 546, 564-65 (Mich. Ct. App. 2007).

Petitioner was charged with committing the crimes between June of 2002 and August of 2002 (6/2/09 Trial Tr., at 23), and C.L. testified that the crimes occurred during the summer of 2002.  There was a single incident of criminal sexual conduct after she completed the fifth grade.  (6/3/09 Trial Tr., at 26, 28-33, 50-51.)

The trial court's jury instruction on time merely served to inform the jury that the prosecutor did not have to specify the exact day when the incident in question occurred.

11

The trial court did not place any particular emphasis on the instruction, and the prosecutor did not attempt to show that the charged offenses occurred during a time other than the summer of 2002. Furthermore, the disputed jury instruction did not prevent defense counsel from maintaining that Petitioner could not have committed the crimes because he was not living in the trailer park near C.L. when the crimes allegedly occurred. (6/2/09 Trial Tr., at 90; 6/8/09, at 73-76, 80.) Therefore, the instruction on time was not fundamentally unfair, and it did not violate Petitioner's right to due process, his right to notice of the charges, or his right to defend himself.

Although "prosecutors should be as specific as possible in delineating the dates and times of abuse offenses," "fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements. Valentine v. Konteh, 395 F.3d 626, 632 (6th Cir. 2005). Habeas relief therefore is not warranted on this claim.

### C. Ex Post Facto Violation

In his third and final claim, Petitioner challenges the prosecutor's use of propensity or "similar acts" evidence to convict him.[2] Petitioner asserts that the

---

[2] The prosecutor produced a twelve-year-old girl ("A.K."), who testified at trial that Petitioner and her mother were roommates at one time and that, one night in June of 2003, Petitioner woke her up by touching her chest under her clothes. A.K. claimed that Petitioner subsequently licked her private parts (where she "peed") with his tongue. Because Petitioner appeared to be drunk at the time, and because her mother was working that night, A.K. and her sister pushed Petitioner away and spent the rest of the night in a locked bathroom. (6/4/09 Trial Tr., at 199, 202-03.)

A.K.'s fifteen-year-old sister ("K.M.") testified that, one time when she was sleeping in a recliner in the living room of her mother's house, Petitioner picked her up and took her to his room. He then took off her clothes and touched her vagina with the part of him that he used to "pee." (Id. at 208-09.)

12

prosecutor's reliance on M.C.L. § 768.27a to support her use of "similar acts" evidence

constituted a violation of the Ex Post Facto Clause.  The court of appeals found no merit

in the claim because in People v. Pattison, 741 N.W. 2d 558 (2007), the Michigan Court

of Appeals held that M.C.L. § 768.27a does not violate the Ex Post Facto clause.

## 1.  Clearly Established Federal Law

"The Constitution prohibits both federal and state governments from enacting any 'ex post facto Law.' "  Peugh v. United States, 133 S. Ct. 2072, 2081 (2013) (quoting U.S. CONST. Art. I, § 9, cl. 3; Art. I, § 10).  Four categories of laws are prohibited by the Constitution's Ex Post Facto Clauses:

"1st.  Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.  2d.  Every law that aggravates a crime, or makes it greater than it was, when committed.  3d.  Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.  4th.  Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

Calder v. Bull, 3 U.S. 386, 390 (1798) (seriatim opinion of Chase, J.)

Petitioner contends that the prosecutor violated the fourth category of Calder

when she relied on M.C.L. § 768.27a, which provides that,

[i]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

M.C.L. § 768.27a.  A "listed offense" "include[s] the various forms of criminal sexual

conduct."  Dobek, 732 N.W.2d at 567 n.16.

---

A. K. testified that, on another occasion, Petitioner came into her room where she and her sister were sleeping on the floor.  Petitioner then licked her and her sister between their legs.  (Id. at 209-10.)  Petitioner also made K.M. watch child pornography. (Id. at 211.)

## 2. Application

The charged offense in this case occurred in 2002 and the sexual acts Petitioner allegedly performed on other minor victims occurred in 2003. At that time, Michigan Rule of Evidence 404(b) prohibited the prosecution from using "similar acts" evidence to prove a defendant's propensity to commit a crime.[3] In 2005, however, the Michigan Legislature enacted M.C.L. § 768.27a (effective January 1, 2006), which permits the prosecution to admit evidence of a defendant's other acts against a minor victim for any relevant purpose, including propensity to commit sexual crimes against children. People v. Utribe, 872 N.W.2d 511, 513 (Mich. Ct. App. 2015).

As noted above, the prosecutor relied on § 768.27a to introduce evidence that Petitioner committed criminal sexual conduct with other young girls. Petitioner contends that the prosecutor's reliance on § 768.27a violated the Ex Post Facto Clause because § 768.27a altered the legal rules of evidence, and allowed the prosecutor to elicit different testimony than the law required at the time he allegedly committed the offenses, to convict him.

Petitioner further alleges that § 768.27a reduced the prosecution's burden of proving the charged offense and made it easier for the prosecutor to overcome the presumption of innocence. Finally, Petitioner alleges that § 768.27a allowed the prosecutor to satisfy its evidentiary burden by arguing that the "similar acts" evidence

---

[3] Rule 404(b)(1) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

14

showed he had a sexual interest in children and, therefore must be guilty of the charged offense.  (6/8/09 Trial Tr., at 86-87.)

In <u>Carmell v. Texas</u>, 529 U.S. 513 (2000), the Supreme Court considered an amendment to a statute on sexual offenses.  The amendment authorized a conviction for certain sexual offenses on the basis of the victim's testimony alone.  The previous version of the statute required a victim's testimony to be corroborated with other evidence before a defendant could be convicted of a sexual offense.  The Supreme Court held that retroactive application of the amended statute violated the <u>Ex Post Facto</u> Clause because it "changed the quantum of evidence necessary to sustain a conviction."  <u>Id</u>. at 530.

Section 768.27a, in contrast, did not change the quantum of evidence necessary to convict Petitioner.  C.L.'s testimony was sufficient evidence to sustain Petitioner's convictions.  <u>See</u> Mich. Comp. Laws § 750.520h (stating that "[t]he testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g").  Section 768.27a is an evidentiary statute, <u>Utribe</u>, 872 N.W.2d at 513, and "[o]rdinary rules of evidence . . . do not violate the [<u>Ex Post Facto</u>] Clause."  <u>Carmell</u>, 529 U.S. at 533 n.23.

As for Petitioner's contention that § 768.27a reduced the prosecution's burden of proving the charged offense and made it easier for the prosecutor to overcome the presumption of innocence, the Supreme Court stated in <u>Carmell</u> that ordinary evidentiary rules

> do not at all subvert the presumption of innocence, because they do not concern whether the admissible evidence is sufficient to overcome the presumption.  Therefore, to the extent one may consider changes to such laws as "unfair" or "unjust," they do not implicate the same <u>kind</u> of

15

unfairness implicated by changes in rules setting forth a sufficiency of the
evidence standard.

Carmell, 529 U.S. at 533 n.23. The Court concludes that Petitioner's rights under the Ex
Post Facto Clause were not violated.

## V. Conclusion

For the reasons stated above, the state appellate court's decision in this case
was not contrary to Supreme Court precedent, an unreasonable application of Supreme
Court precedent, or an unreasonable determination of the facts.  The state court's
decision also was not "so lacking in justification that there was an error . . . beyond any
possibility for fairminded disagreement."  Harrington, 562 U.S. at 103.

Accordingly, the petition for a writ of habeas corpus is DENIED and this case is
DISMISSED.

## VI. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of
appealability, Miller-El v. Cockrell, 537 U.S. 322, 327 (2003), and make "a substantial
showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To demonstrate
this denial, the applicant is required to show that reasonable jurists could debate
whether, or agree that, the petition should have been resolved in a different manner, or
that the issues presented were adequate to deserve encouragement to proceed further.
Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  A federal "district court must issue or
deny a certificate of appealability when it enters a final order adverse to the applicant."
Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District
Courts.

Here, reasonable jurists of reason could debate whether Petitioner was denied his constitutional right to confrontation, as presented in his first claim.  Jurists of reason, however, would not disagree with the Court's resolution of Petitioner's other claims regarding the jury instructions and Ex Post Facto clause.

Accordingly, a certificate of appealability is GRANTED on Petitioner's first claim and DENIED on Petitioner's other claims.

**SO ORDERED.**

Dated: May 27, 2016                          s/Avern Cohn
      Detroit, Michigan                          AVERN COHN
                                        UNITED STATES DISTRICT JUDGE